(C.D. 3576)

Marubeni-Iida (America), Inc. *v.* United States

United States Customs Court, First Division

(Decided September 30, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Watson and Maletz, Judges

Maletz, Judge: This protest has been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, as follows:

1. That the merchandise marked "A" and initialed BN (Import Specialist's Initials) by Import Specialist Bud Nakamura (Import Specialist's Name) on the invoice covered by the subject protest and entry assessed at the rate of $2.25 each plus 35% ad valorem under Item 711.94, TSUS, consists of tachometers.

2. That the subject protest was filed under Section 514 of the Tariff Act of 1930, within 60 days after the liquidation of the subject entry, and that said protest was pending for decision by this Court on June 29, 1967, the effective date of Public Law 90–36, approved June 29, 1967, which amended and extended Public Law 89–241, approved October 7, 1965.

3. That said merchandise was entered after August 31, 1963 and before December 7, 1965.

4. That before September 30, 1967, a request was filed with the District Director at the port of entry for reliquidation of the subject entry and assessment of duty at the rate of 10% ad valorem under Item 711.98, by virtue of Section 36(k) of said Public Law 89–241.

IT IS FURTHER STIPULATED AND AGREED that the subject protest be submitted on this stipulation, said protest being limited to the merchandise marked "A" as aforesaid.

This stipulated statement of the facts is sufficient to remove the present merchandise from the classification determined by the collector and to establish the proper classification, as claimed by the plaintiff, to be under item 711.98 of the Tariff Schedules of the United States, as tachometers, dutiable at 10 percent ad valorem.

To the extent indicated the protest is sustained and judgment will be rendered accordingly.